**Law Office of Thomas R. Ashley, Esq.**
50 Park Place, Suite 1400
Newark, New Jersey  07102
(973)623-0501
Attorney for Defendants Frederica Bey
And Women in Support of the Million Man March (WISOMMM)

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff, : v. : | Honorable |
| WOMEN IN SUPPORT OF THE MILLION MAN MARCH, : FREDERICA BEY, DELACY DAVIS, and JOHN DOES 1-20, : Defendant. : | Case No. 2:12-cv-00457-WHW-MCA  **ANSWER** |

Defendants Frederica Bey and Women in Support of the Million Man March (WISOMMM), in response to plaintiff's Complaint, says:

1) Defendants deny the allegations contained in Paragraph 1.

2) Defendants admit the allegations contained in Paragraph  2.

3) Defendants leave the Government to its proofs with respect to the allegations contained in  Paragraph 3.

4) Defendants deny the allegations contained in Paragraph 4.

5) Defendants deny the allegations contained in Paragraph 5.

6) Defendants deny the allegations contained in Paragraph 6.

7) Defendants leave the Government to its proof with respect to the allegations contained in Paragraph 7.

8) Defendants leave the Government to its proof with respect to the allegations contained in Paragraph 8.

9) Defendants admit the allegations contained in Paragraph 9.

10) Defendants admit the allegations contained in Paragraph 10.

11) Defendants admit the allegations contained in Paragraph 11.

12) Defendants admit the allegations contained in Paragraph 12.

13) Defendants admit the allegations contained in Paragraph 13.

14) Defendants admit the allegations contained in Paragraph 14.

15) Defendants admit the allegations contained in Paragraph 15.

16) Defendants admit the allegations contained in Paragraph 16 except to say that the references to Louis Farrakhan and Sharpe James are irrelevant surplusage.

17) Defendants will leave plaintiff to its proofs with respect to the allegations contained in Paragraph 17.

18) Defendants leave the Government to its proof with respect to the allegations contained in Paragraph 18.

19) Defendants leave plaintiff to its proofs with respect to the allegations contained in Paragraph 19.

20) Defendants leave plaintiff to its proofs with respect to the allegations contained in Paragraph 20.

21) Defendants admit the allegations contained in Paragraph 21.

22) Defendants admit that the amount of the grant was $345,325.00, but deny that the term of the grant is accurate.

23) Defendants admit the allegations contained in Paragraph 23.

24) Defendants admit the allegations contained in Paragraph 24.

25) Defendants leave the Government to its proof with respect to the allegations contained in Paragraph 25.

26) Defendants admit the allegations contained in Paragraph 26.

27) Defendants deny the allegations contained in Paragraph 27.

28) Defendant denies the allegations contained in Paragraph 28.

29) Defendants deny the allegations contained in Paragraph 29.

30) Defendants admit the allegations contained in Paragraph 30.

31) Defendants deny the allegations contained in Paragraph 31.

32) Defendants deny the allegations contained in Paragraph 32.

33) Defendants deny the allegations contained in Paragraph 33.

34) Defendants deny the allegations contained in Paragraph 34.

35) Defendants deny the allegations contained in Paragraph 35.

36) Defendants deny the allegations contained in Paragraph 36.

37) Defendants deny the allegations contained in Paragraph 37.

38) Defendants admit the allegations contained in Paragraph 38.

39) Defendants admit the allegations contained in Paragraph 39 except that defendants dispute the word "ostensibly".

40) Defendant Bey leaves the Government to its proofs with respect to the allegations contained in paragraph 40.

41) Defendant Bey leaves the Government to its proofs with respect to the allegations contained in paragraph 41.

42) Defendant Bey leaves the Government to its proofs with respect to the allegations contained in paragraph 42.

43)	Defendants are without sufficient knowledge to form a belief with respect to the truth of the allegations set forth in paragraphs 42 and 43.

44)	Defendants deny the allegations contained in Paragraph 44.

45)	Defendants deny the allegations contained in Paragraph 45.

46)	Defendants deny the allegations contained in Paragraph 46.

47)	Defendants admit the allegations contained in Paragraph 47, but irrelevant surpluses.

48)	Defendants admit that according to grant documents they agreed to have two employees whose salaries were to be paid using grant monies.

49)	Defendants admit the allegations contained in Paragraph 49.

50)	Defendants admit the allegations contained in Paragraph 50.

51)	Defendant Bey is without knowledge or information to form a belief with respect to the truth of the allegations contained in paragraph 51.

52)	Defendants admit the allegations contained in Paragraph 52.

53)	Defendant Bey admits that Ms. Onque was hired as the BCC Programmer. The remainder of the allegations contained in Paragraph 53 are denied.

54)	Defendants admit the allegations contained in Paragraph 54.

55) Defendants deny the allegations contained in Paragraph 55.

56) Defendants deny the allegations contained in Paragraph 56.

57) Defendants deny the allegations contained in Paragraph 57.

58) Defendants admit the allegations contained in Paragraph 58.

59) Defendants deny the allegations contained in Paragraph 59.

60) Defendants deny the allegations contained in Paragraph 60.

61) Defendants deny the allegations contained in Paragraph 61.

62) Defendants deny the allegations contained in Paragraph 62.

63) Defendant Bey admits that $40,000 was transferred from the BCC grant account to WISOMMM's main banking account. Defendant denies the remainder of the paragraph.

64) Defendants deny the allegations contained in Paragraph 64.

65) Defendants deny the allegations contained in Paragraph 65.

66) Defendants admit the allegations contained in Paragraph 66.

67) Defendants admit there was a January 25, 2006 transfer of $5,000 from the BCC grant account to WISOMMM. Defendant is without sufficient knowledge or

information to form a belief with respect to what knowledge Ms. Onque had at the time.

68) Defendants deny the allegations contained in Paragraph 68.

69) Defendants admit that there was a confrontation as a result of which defendant Bey called the Newark Police Department.

70) Defendants deny the allegations contained in Paragraph 70.

71) Defendants leave the government to its proofs with respect to the allegations contained in paragraph 71.

72) Defendants leave the Government to its proof with respect to the allegations contained in Paragraph 72.

73) Defendant Bey is without knowledge or information to form a belief with respect to the truth of the allegations contained in Paragraph 73.

74) Defendants admit the allegations contained in Paragraph 74.

75) Defendants admit the allegations contained in Paragraph 75.

76) Defendants deny that Ishmael's benefits were paid from the grant fund. Defendants admit the remainder of the allegations contained in Paragraph 76.

77) Defendants admit the allegations contained in Paragraph 77.

78) Defendants deny the allegations contained in Paragraph 78.

79) Defendants deny the allegations contained in Paragraph 79.

80) Defendant Bey denies that Ms. Onque's role remained primarily in WISOMMM's Childcare Center. Ms. Onque's tardiness was not a trigger for any confrontation.

81) Defendants deny the allegations contained in Paragraph 81.

82) Defendants deny the allegations contained in Paragraph 82.

83) Defendants will leave the Government to its proofs with respect to the allegations contained in Paragraph 83.

84) Defendants deny the allegations contained in Paragraph 84.

85) Defendants admit the allegations contained in Paragraph 85.

86) Defendants deny the allegations contained in Paragraph 86.

87) Defendants admit that BCC needed $5,000 to purchase "Kid Trax" software, but leaves the Government to its proofs with respect to the remaining portion of Paragraph 87.

88) Defendants admit the allegations contained in Paragraph 88.

89) Defendants admit the allegations contained in Paragraph 89.

90) Defendants deny the allegations contained in Paragraph 90.

91) Defendants deny the allegations contained in Paragraph 91.

92) Defendant Bey is without sufficient knowledge to form a belief with respect to the source of the check set forth in Paragraph 92.

93) Defendants admit the allegations contained in Paragraph 93.

94) With respect to Paragraph 94, no monies were paid to "Queen Afua" and defendant can account for all funds disbursed.

95) Defendants deny the allegations contained in Paragraph 95.

96) Defendant Bey will leave the Government to its proofs with respect to the allegations contained in Paragraph 96.

97) Defendants deny the allegations contained in Paragraph 97.

98) Defendants are without knowledge or information with respect to the truth of the allegations contained in Paragraph 98.

## COUNT I

99) Defendants Bey and WISOMMM repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 66 as if more fully set forth herein.

100) Defendants deny the allegations contained in Paragraph 100.

101) Defendants deny the allegations contained in Paragraph 101.

102) Defendants deny the allegations contained in Paragraph 102.

103) Defendants are without knowledge to form a belief with respect to the truth of the allegations contained in Paragraph 103.

104) Defendants deny the allegations contained in Paragraph 104.

105) Defendants deny the allegations contained in Paragraph 105.

## COUNT II

106) Defendants Bey and WISOMMM repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 70 as if more fully set forth herein.

107) Defendants deny the allegations contained in Paragraph 107.

108) Defendants deny the allegations contained in Paragraph 108.

109) Defendants deny the allegations contained in Paragraph 109.

110) Defendants are without sufficient knowledge to form a belief with respect to the truth of the allegations contained in Paragraph 110.

111) Defendants deny the allegations contained in Paragraph 111.

112) Defendants leave the Government to its proofs with respect to the allegations contained in Paragraph 112.

## COUNT III

113) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 77 as if more fully set forth herein.

114) Defendants deny the allegations contained in Paragraph 114.

115) Defendants deny the allegations contained in Paragraph 115.

116) Defendants deny the allegations contained in Paragraph 116.

## COUNT IV

117) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 81 as if more fully set forth herein.

118) Defendants deny the allegations contained in Paragraph 118.

119) Defendants deny the allegations contained in Paragraph 119.

120) Defendants deny the allegations contained in Paragraph 120.

121) Defendants deny the allegations contained in Paragraph 121.

## COUNT V

122) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 86 as if more fully set forth herein.

123) Defendants deny the allegations contained in Paragraph 123.

## COUNT VI

124) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 88 as if fully set forth fully herein.

125) Defendants deny the allegations contained in Paragraph 125.

126) Defendants deny the allegations contained in Paragraph 126.

## COUNT VII

127) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 91 as if more fully set forth herein.

128) Defendants deny the allegations contained in Paragraph 128.

129) Defendants leave the Government to its proofs with respect to the allegations made in Paragraph 129.

130) Defendants leave the Government to its proofs with respect to the allegations made in Paragraph 130.

131) Defendants deny the allegations contained in Paragraph 131.

132) Defendants deny the allegations contained in Paragraph 132.

## COUNT VIII

133) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 97 as if more fully set forth herein.

134) Defendants deny the allegations contained in Paragraph 134.

135) Defendants deny the allegations contained in Paragraph 135.

136) Defendants deny the allegations contained in Paragraph 136.

## COUNT IX

137) Defendants repeat and re-allege the answers to each allegation set forth in Paragraphs 1 through 101 as if more fully set forth herein.

138) Defendants deny the allegations contained in Paragraph 138.

139)   Defendants deny the allegations contained in Paragraph 139.

140)   Defendants deny the allegations contained in Paragraph 140.

WHEREFORE, defendants request that the Court dismiss all counts in the Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff has failed to state a cause of action because there were no false claims made by defendants.

### SECOND SEPARATE DEFENSE

WISOMMM was entitled to charge rents to BCC comparable to prevailing rents at the time.   No rents were inflated.

### THIRD SEPARATE DEFENSE

WISOMMM was entitled to require that BCC pay insurance costs with respect to the property equal to its use and occupancy.

### FOURTH SEPARATE DEFENSE

WISOMMM never inflated any rents or other costs related to BCC activities.   The rent was set forth and approved in the original WISOMMM grant proposal.

## FIFTH SEPARATE DEFENSE

The rent which WISOMMM charged BCC was substantially below market rates.

## SIXTH SEPARATE DEFENSE

All monies paid to Delacy Davis were consistent with the services which he provided to BCC and consistent with the goals of the BCC Program.

## SEVENTH SEPARATE DEFENSE

WISOMMM's community goals and the community goals of BCC were identical. Many of their activities were overlapping and indistinguishable.

## EIGHTH SEPARATE DEFENSE

Defendants Frederica Bey and WISOMMM were inexperienced with respect to grant management and the administration of same. Defendants should have been advised that they had the right to request budget adjustments or reallocations in the event that the grant funds needed to be altered in order to accomplish the goals of BCC.

## NINTH SEPARATE DEFENSE

Defendants Frederica Bey and WISOMMM deny that they knowingly and/or purposely and/or intentionally violated the requirements of the BCC grant or any pertinent federal laws.

## TENTH SEPARATE DEFENSE

Plaintiffs have failed to set forth any facts which support the contentions that defendants knowingly presented false claims prior to any alleged misuse of funds.

## ELEVENTH SEPARATE DEFENSE

The allegations in the Complaint filed against defendants do not consider the distinction between the grant proposal and the actual implementation of the delivery of services to BCC.

## TWELFTH SEPARATE DEFENSE

All bench marks set forth in the BCC proposal were actually met and none of the goals of BCC were ever disserved.  The target community benefited from the BCC Program as a result of the good faith efforts of the defendants Frederica Bey and WISOMMM.

### THIRTEENTH SEPARATE DEFENSE

The BCC proposal made by defendants WISOMMM and Frederica Bey did not adequately anticipate related and necessary costs and expenses attributable to BCC goals.

### FOURTEENTH SEPARATE DEFENSE

Defendant Frederica Bey never was unjustly enriched as a result of any alleged acts in the Complaint.

### FIFTEENTH SEPARATE DEFENSE

The False Claims Act has not been violated because there were never any false claims.

### SIXTEENTH SEPARATE DEFENSE

No jurisdiction exists with respect to the "common law" claims without violations of the False Claims Act.

### SEVENTEENTH SEPARATE DEFENSE

Defendants at all times acted in good faith to achieve the goals of the BCC Program and to comply with the requirements of the grant proposal.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs fail to allege any claims for which relief should be granted.

WHEREFORE, defendants WISOMMM and FREDERICA BEY demand judgment against plaintiff as follows:

1. Dismissing the Complaint with prejudice; and

2. Award of costs of suit to defendants; and

3. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants WISOMMM and Frederica Bey demand a trial by jury as to all issues so triable.

          THOMAS R. ASHLEY, ESQ.
          Attorney for Defendants WISOMMM
          and Frederica Bey

          /s/  Thomas R. Ashley
            THOMAS R. ASHLEY, ESQ.

Dated:  February 21, 2012

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

/s/  Thomas R. Ashley
THOMAS R. ASHLEY, ESQ.

Dated:   February 21, 2012